IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: FAO INC. Securities Litigation<br><br>STEPHEN HILL, et al.<br><br>   v.<br><br>JERRY R. WELCH, et al. | CIVIL ACTION<br><br>NO.  03-6596 |

**MEMORANDUM RE LEAD PLAINTIFF'S MOTION FOR AN ORDER DIRECTING *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS**

**Baylson, J.**                                                                                                              **October 23, 2015**

Presently before the Court is Lead Plaintiff's Motion for an Order Directing *Cy Pres* Distribution of Residual Settlement Funds in this securities fraud class action case.  ECF 30.  For the reasons that follow, Lead Plaintiff's Motion shall be granted.

**I. Facts and Procedural History**

This case commenced in December 2003 as a nationwide class action alleging that Defendants violated the Securities Exchange Act of 1934.  See ECF 1.  It settled in 2005.  See ECF 24-29.

As of July 31, 2015, approximately $2,305.45 remains in the settlement fund out of the original amount of $1,120,000.  ECF 30-1 at 1.  The majority of the residual amount is attributable to uncashed checks.  Id.  Lead Plaintiff seeks an order directing distribution of these funds to Community Legal Services of Philadelphia ("CLS") under the doctrine of *cy pres*.

**II. Analysis**

"The term 'cy pres' is derived from the Norman French expression *cy pres comme possible,* which means 'as near as possible.'"  In re Baby Prods. Antitrust Litig. ("Baby Products"), 708 F.3d 163, 168 (3d Cir. 2013) (citations omitted).  "The *cy pres* doctrine originated in trusts-and-estates law as a rule of construction used to preserve testamentary charitable gifts that otherwise would fail. When it becomes impossible to carry out the charitable

1

gift as the testator intended, the doctrine allows the 'next best' use of the funds to satisfy the testator's intent 'as near as possible.'" Id. at 169 n.2 (citations omitted).

In Baby Products, the Third Circuit endorsed the use of *cy pres* to distribute excess funds remaining from a class action settlement to a third party "to be used for a purpose related to the class injury." 708 F.3d at 172. Baby Products noted that "*cy pres* distributions are most appropriate where further individual distributions are economically infeasible . . . ." Id. at 173.

### A. *Cy Pres* Is Appropriate in This Case

In this case, Lead Plaintiff notes that distributing the remaining settlement funds to members of the class "is not practicable, including given the costs associated with additional notice and claims procedures." ECF 30-1 at 1. Under Baby Products, this case is an ideal candidate for *cy pres*.

### B. Community Legal Services of Philadelphia is an Appropriate Recipient

The question of whether CLS should receive the funds is closer. Cases in the Eastern District have rejected *cy pres* requests when the proposed recipient had no connection to the subject matter of the underlying litigation. See Schwartz v. Dallas Cowboys Football Club, Ltd., 362 F. Supp. 2d 574, 577 (E.D. Pa. 2005) (rejecting *cy pres* distribution to a student legal clinic and a high school scholarship program because the proposal did not touch upon the subject matter of the law suit). Cases from other jurisdictions have also expressed concern about a mismatch between the geographic scope of a class and the scope of a *cy pres* recipient. Nachshin v. AOL, LLC, 663 F.3d 1034, 1040 (9th Cir. 2011) ("The *cy pres* distribution also fails to target the plaintiff class, because it does not account for the broad geographic distribution of the class.")

Nevertheless, the Court concludes that CLS is an appropriate beneficiary. As to CLS's connection to the underlying litigation, the Southern District of New York has endorsed Lead Plaintiff's *cy pres* request on a comparable fact pattern. Jones v. Nat'l Distillers, 56 F. Supp. 2d

355, 359 (S.D.N.Y. 1999) (granting *cy pres* to Legal Aid Society in civil securities case). As Jones held, "[t]he intent of the settlement fund was to help those claiming injury by civil securities fraud. The Legal Aid Society Civil Division exists for the at least somewhat analogous purpose of helping those needing legal assistance for various civil matters. The tie to the intent of the fund is thin, but not as thin as it would be if the donation served an entirely unconnected cause such as a dance performance or a zoo." Id.[1]

As to geographic concerns, Eastern District cases have also approved *cy pres* distributions to Philadelphia-serving institutions in national multidistrict litigation. See In re Linerboard Antitrust Litig., MDL No. 1261, 2008 WL 4542669, at *4 (E.D. Pa. Oct. 3, 2008) (approving *cy pres* in a multidistrict antitrust litigation to the Philadelphia Bar Foundation).

Given that Lead Plaintiff's Motion is unopposed, and that "[t]he judicial role is better limited to approving *cy pres* recipients selected by the parties" rather than selecting one, Baby Products, 708 F.3d at 180 n.16, the Court concludes that *cy pres* in favor of CLS is advisable in this case.

### III. Conclusion

Because the residual settlement funds in this case cannot feasibly be distributed to class members, the Court will redirect them to CLS via *cy pres*. An appropriate Order follows.

O:\Steve.2015\03-cv-6596 Hill v. Welch (Cy Pres)\03cv6596.2015.10.23.memo.docx

---

[1] The Court also notes that Baby Products endorsed the American Law Institute's Principles of the Law of Aggregate Litigation § 3.07. 708 F.3d at 172. As the First Circuit noted, the Principles do not always require a *cy pres* recipient to reasonably approximate the interests of a plaintiff class: "ALI Principles § 3.07(c) sets up an order of preference: when feasible, the recipients should be those 'whose interests reasonably approximate those being pursued by the class.' Id. If no recipients 'whose interests reasonably approximate those being pursued by the class can be identified after thorough investigation and analysis, a court may approve a recipient that does not reasonably approximate the interests being pursued by the class.' Id." In re Lupron Mktg. & Sales Practices Litig., 677 F.3d 21, 33 (1st Cir. 2012).